IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Weldon Eugene Holtzclaw, Jr., ) | C/A No. 6:25-cv-01371-DCC-KFM |
| ) | |
| Plaintiff, ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| State of South Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on March 6, 2025 (doc. 1). By order dated March 25, 2025, the plaintiff was given an opportunity to provide the necessary information to bring the case into proper form, including paperwork regarding payment of the filing fee (doc. 5). The plaintiff complied with the order, bringing his case into proper form. Upon review of the plaintiff's complaint, the undersigned recommends it be summarily dismissed.

**ALLEGATIONS**

This is a § 1983 action filed by the plaintiff, currently under orders of commitment by the Honorable Tarita A. Dunbar, Greenville County Family Court Judge, for contempt.[1]   *See* Greenville County Inmate Search Details, https://app.greenville

---

[1] *Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial

county.org/inmate_search.htm (enter the plaintiff's first and law name) (last visited April 21, 2025).

The plaintiff alleges that he is proceeding *pro se* because of abuses by attorneys, judges, and South Carolina officials (*id*. at 1).  The plaintiff alleges that he is unlawfully incarcerated (*id*. at 2).  The plaintiff contends that if records from the Family Court, the South Carolina Supreme Court, and the United States Bankruptcy Court for the District of South Carolina are reviewed, it will be clear that he is unlawfully incarcerated (*id*.).  He also contends that Judge Burris, United States Bankruptcy Court Judge, allowed a fraudulent forensic accounting to be used in the bankruptcy case (*id*.).

The plaintiff also alleges that his handwriting is deteriorating because he is not being given a proper ink pen to write his lawsuits because he has to use a rubber pen he purchased from the Commissary at the Detention Center (*id.*).  The plaintiff also alleges that he has been wrongfully kept in overcrowded cells and that staff at the Detention Center has acted improperly (*id*. at 23, 25).

The plaintiff alleges that he grew up in Greenville, South Carolina, and that he obtained businesses from a prior divorce from Robin Holtzclaw (*id*. at 3).  He contends that he then owned a mobile home park and worked tirelessly to upgrade it and also that he owned other businesses (*id*. at 4–5).  The plaintiff then met and planned to marry Marjorie Morgan, but never signed paperwork (*id*. at 5–6).  The plaintiff then had to file for bankruptcy (*id*. at 6–7).  The plaintiff was then defrauded by two men who changed his bank accounts without permission (*id*. at 7–8, 9). The plaintiff further alleges that Ms. Morgan was after his money and so he began building a house to get away from her and then moved into that house (*id*. at 8, 13–14).  The plaintiff contends that he then had to start fighting against Nelson Mullins for fraud (*id*. at 9).  The plaintiff contends that Ms. Morgan then took out a

---

notice . . . is in noticing the content of court records.'").

construction loan in the plaintiff's name without his signature even though they were not married (*id*. at 10). The bank then began foreclosure proceedings because Ms. Morgan did not pay on the loan (*id*. at 15–16). The plaintiff alleges that Ms. Morgan did not pay for the house he built (*id*. at 13). The plaintiff also contends that he then discovered that Ms. Morgan stole funds from a joint account and bank officials would not help the plaintiff prevent Ms. Morgan from accessing that account (*id*. at 14, 23).

The plaintiff alleges that Ivan Toney kept wanting additional funds from the plaintiff to investigate and represent the plaintiff on the fraud involved in his businesses (*id*. at 10–11). The plaintiff filed a disciplinary complaint against Mr. Toney, but it was unsuccessful (*id*. at 11). Complaints about other attorneys at Nelson Mullins and other attorneys the plaintiff hired/attempted to hire were also unsuccessful (*id*.). The plaintiff also requested an investigation into things from the South Carolina Attorney General and the South Carolina Secretary of State (*id*. at 12). The plaintiff alleges that he was then sent a cease and desist by Nelson Mullins (*id*.).

After someone damaged his property, the plaintiff alleges an insurance claim to fix the damage was improperly referred for arbitration and it was ruled that the plaintiff's requested damages were in excess of the value of the property (*id*. at 14–15). He contends that various judicial entities in South Carolina have violated his rights by not forcing the individuals and companies involved to follow the law and ordering the plaintiff to pay Ms. Morgan money (*id*. at 15–16, 21–22).

The plaintiff contends that in June 2020, Ms. Morgan sued him for family support, but there was no valid marriage according to Judge Madden and Ms. Morgan was provided time to file a motion to have a marriage in common recognized (*id*. at 16). The plaintiff contends that the motion was not filed as directed as well as that the family courts are unconstitutional (*id*.). He further contends that various individuals were violating bankruptcy court orders (*id*. at 16–19). The plaintiff further contends that Ms. Morgan was

allowed to improperly act as a creditor in the bankruptcy proceedings (*id*. at 19). Judge Burris also acted improperly with respect to her own orders (*id*. at 19–21). The plaintiff seeks to have Judge Burris and the State of South Carolina held responsible for the actions complained of in this action (*id*. at 20). He also asserts that the United States District Court be required to access transcripts of all of the proceedings to prove his claims of fraud (*id*. at 21–22).

The plaintiff contends that in 2024, he was improperly arrested for criminal trespass and willful disobedience (*id*. at 23). The plaintiff alleges that he was then wrongfully arrested, convicted, and sentenced without going before a judge in a courtroom and then his released was ordered (*id*. at 23–24). The plaintiff was then wrongfully arrested for driving with a suspended license after not being notified his license had been suspended and after that arrest he discovered he had been held in contempt and was served a warrant for that charge and sentenced without going before a judge (*id*. at 24). While the plaintiff has been incarcerated, his home has been robbed and the Greenville County Sheriff's Office refuses to do a report on the robbery (*id*. at 24–25). The plaintiff alleges that he is being held unlawfully (*id*. at 25). The plaintiff contends he is being crucified by the misuse of the judicial system and requests that this court review his allegations in line with the South Carolina Constitution (*id*. at 26).

## **STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of

4

liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

As noted above, the plaintiff filed the instant action seeking damages and injunctive relief from the defendant. However, as set forth in more detail below, the instant action is subject to summary dismissal.

**Relief Sought**

To the extent the plaintiff seeks to be released from the Detention Center in this action, the plaintiff requests relief that he may not seek in this action. Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus pursuant to 28 U.S.C. § 2254, and a complaint under the Civil Rights Act, § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *see Preiser v. Rodriguez*, 411 U.S. 475, (1973) (an application seeking release from custody is an application for habeas corpus and is not an available remedy under the Civil Rights Act). "Habeas corpus, and not § 1983, is the exclusive federal remedy for state prisoners seeking actual release from confinement," *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 694–95 (4th Cir. 2015) (citing *Preiser*, 411 U.S. 475, 487–90), and "requests for relief turning on circumstances of confinement may be presented in a § 1983 action," *Muhammad*, 540 U.S. at 750. Here, the plaintiff, in part, seeks release from the Detention Center; however, this court cannot order the plaintiff's release in this civil rights action. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (noting that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). As such, the plaintiff's request that he be released from the Detention Center is subject to dismissal.

5

**The plaintiff's complaint is barred at least in part by claim preclusion (*res judicata*)**

In the instant matter, to the extent the plaintiff seeks relief regarding his incarceration, criminal charges in the Greer Municipal Court (for trespassing, driving with a suspended license, unlicensed vehicle), bankruptcy court proceedings, or the family court proceedings leading to his arrest, the plaintiff seeks to re-litigate claims that have already been adjudicated and decided adversely to him by this court. Under the doctrine of claim preclusion—or *res judicata*—a final judgment on the merits of an action bars the parties from re-litigating the issues that were or could have been raised in the prior action. *See Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). In order for *res judicata* to apply, there must have been (1) a final judgment on the merits in a prior suit; (2) the identity of the cause of action in both suits; and (3) the same parties or their privies in the two suits. *Id*. at 354–55 (citing *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)); *see Orca Yachts L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) (noting that claim preclusion applies when there has been a valid and final judgment—even if the matter was not actually litigated (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)). In evaluating whether the same cause of action is brought in both suits, the court ascertains whether the claim in the new litigation "arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (internal quotation marks omitted) (quoting *Harnett v. Billman*, 800 F.2d 1308, 1313 (4th Cir. 1986)). Here, as noted, the vast majority of the plaintiff's complaint seeks relief regarding his incarceration, criminal charges in the Greer Municipal Court (for trespassing, driving with a suspended license, unlicensed vehicle), bankruptcy court proceedings, or the family court proceedings leading to his arrest (*see* doc. 1). However, the plaintiff has previously brought claims regarding these matters – and the claims were dismissed. *See Holtzclaw v. Pittman, et al*., C/A No. 6:25-cv-00025-DCC, 2025 WL 892977 (D.S.C. Mar. 24, 2025) (dismissing civil action as duplicative and pursuant to

28 U.S.C. §§ 1915; 1915A where the plaintiff alleges violations of his rights by individuals involved in prior Bankruptcy and Family Court matters); *Holtzclaw v. Morgan, et al.*, C/A No. 6:24-cv-07562-DCC, 2025 WL 896851 (D.S.C. Mar. 24, 2025) (dismissing civil action for failure to state a claim where plaintiff alleged violations of his rights by his incarceration and in various proceedings in the Bankruptcy and Family Courts)*; Holtzclaw v. City of Greer, et al.*, C/A No. 6:24-cv-04026-DCC, 2024 WL 4608025 (D.S.C. Oct. 29, 2024) (dismissing civil action for failure to state a claim where plaintiff alleged violations of his rights by his incarceration and in various proceedings in the Greer Municipal Court, the Bankruptcy Court, and the Greenville Family Court).  Accordingly, the plaintiff's claims – regarding his incarceration, criminal charges in the Greer Municipal Court (for trespassing, driving with a suspended license, unlicensed vehicle), bankruptcy court proceedings, or the family court proceedings leading to his arrest – are barred by *res judicata* in the present matter.

**Conditions of Confinement Claims**

To the extent the plaintiff seeks relief regarding alleged unconstitutional conditions of confinement in this action, he seeks relief pursuant to 42 U.S.C. § 1983. Section 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, the plaintiff alleges the following unconstitutional conditions of confinement: overcrowding, difficulty writing secondary to having to use a rubber pen, and that staff has acted improperly at the

Detention Center (doc. 1 at 2, 23, 25). However, the plaintiff has other actions pending in this court in which he seeks relief relating to alleged unconstitutional conditions of confinement – and he has named proper § 1983 parties in those other actions. *See Holtzclaw v. Med. Staff of Greenville Cnty. Det. Ctr., et al.*, C/A No. 6:25-cv-01414-DCC-KFM (D.S.C.) (pending); *Holtzclaw v. Dr. Martin*, C/A No. 6:25-cv-00893-DCC-KFM (D.S.C.) (pending); *Holtzclaw v. Leonard, et al.*, C/A No. 6:25-cv-00849-DCC-KFM (D.S.C.) (pending); *Holtzclaw v. Horton, et al.*, C/A No. 6:25-cv-00802-DCC-KFM (D.S.C.) (pending). Efficient judicial administration generally requires the federal courts to avoid duplicative federal litigation. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, a case pending in federal court "may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Nexsen Pruet, LLC v. Westport Ins. Corp.*, C/A No. 3:10-cv-00895-JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (internal quotation marks omitted) (quoting *Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F. Supp. 2d 688, 697 (D.S.C. 2007)). Suits are considered parallel if "substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991) (*citing LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989)). Here, the complaint in this action seeks relief in part relating to alleged unconstitutional conditions of confinement such as overcrowding, difficulty writing secondary to having to use a rubber pen, and staff has acted improperly at the Detention Center (doc. 1 at 2, 23, 25). However, the plaintiff also seeks relief relating to the same conditions of confinement in the cases noted above. As such, the conditions claims in the instant matter should be dismissed as duplicative. *See Van Dusen v. Barrack*, 376 U.S. 612, 615 (1964) (internal quotation marks and citation omitted) (dismissal of duplicative action necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense.").

**Prefiling Restrictions**

Federal courts may issue prefiling restrictions when vexatious conduct hinders the court from fulfilling its constitutional duty. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (published). This "drastic remedy must be used sparingly" to ensure "constitutional guarantees of due process of law and access to the courts." *Id*. The factors for consideration in determining whether to enter a prefiling injunction include (1) the party's history of litigation, particularly whether he has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Id*. at 818 (internal citations omitted). If a court finds a prefiling injunction is warranted based on the four *Cromer* factors, the injunction must be "narrowly tailored to fit the specific circumstances at issue." *Id*. Additionally, a litigant is entitled to notice and an opportunity to be heard prior to the imposition of a prefiling injunction. *Id*. at 819–20.

Here, the factors weigh in favor of entering tailored prefiling restrictions against the plaintiff, as set forth in more detail below. With respect to the first *Cromer* factor, the plaintiff's history of litigation, the plaintiff has filed multiple frivolous, vexatious, and duplicative lawsuits. Indeed, the plaintiff has filed 21 cases in less than a year – with the majority of those cases filed in the last two months. *See* Exhibit A, listing the cases filed by the plaintiff. In each case, the plaintiff continues to complain that he has been railroaded and that his rights have been violated due to his illegal incarceration, improper criminal charges in the Greer Municipal Court (for trespassing, driving with a suspended license, unlicensed vehicle), unlawful bankruptcy court proceedings, or the family court proceedings leading to his arrest. *See Holtzclaw v. Earl*, C/A No. 6:25-cv-03302-DCC-KFM (D.S.C.) (pending); *Holtzclaw v. Internal Revenue Serv.*, C/A No. 6:25-cv-03218-DCC-KFM (D.S.C.) (pending); *Holtzclaw v. Verizon*, C/A No. 6:25-cv-03217-DCC-KFM (D.S.C.) (pending);

*Holtzclaw v. Upstate Props., et al.*, C/A No. 6:25-cv-02906-DCC-KFM (D.S.C.) (pending); *Holtzclaw v. Upstate Props.*, C/A No. 6:25-cv-02615-DCC-KFM (D.S.C.) (pending); *Holtzclaw v. United States*, C/A No. 6:25-cv-01413-DCC-KFM (D.S.C.) (pending); *Holtzclaw v. John Doe 1 Spinx Employee, et al.*, C/A No. 6:25-cv-01294-DCC-KFM (D.S.C.) (pending); *Holtzclaw v. Judge Brown, et al.*, C/A No. 6:25-cv-01066-DCC-KFM (D.S.C.) (pending); *Holtzclaw v. Bodiford*, C/A No. 6:25-cv-1033-DCC-KFM (D.S.C.) (pending).  Indeed, as noted above, the plaintiff has been informed on three occasions that such claims are subject to dismissal.  *Holtzclaw*, 2025 WL 892977 (dismissing civil action as duplicative and pursuant to 28 U.S.C. §§ 1915; 1915A where the plaintiff alleges violations of his rights by individuals involved in prior Bankruptcy and Family Court matters); *Holtzclaw*, 2025 WL 896851 (dismissing civil action for failure to state a claim where plaintiff alleged violations of his rights by his incarceration and in various proceedings in the Bankruptcy and Family Courts); *Holtzclaw*, 2024 WL 4608025 (dismissing civil action for failure to state a claim where plaintiff alleged violations of his rights by his incarceration and in various proceedings in the Greer Municipal Court, the Bankruptcy Court, and the Greenville Family Court).  As such, the first *Cromer* factor weighs in favor of instituting prefiling restrictions.

        The second *Cromer* factor, whether the party had a good faith basis for pursuing the litigation or simply intended to harass, likewise weighs in favor of instituting prefiling restrictions.  As noted above, the instant matter is subject to dismissal for multiple reasons, including its duplicative nature.  Further, the plaintiff has continued to file cases to harass instead of based upon a good faith basis – as he has been informed on more than three occasions that his claims regarding his illegal incarceration, improper criminal charges in the Greer Municipal Court (for trespassing, driving with a suspended license, unlicensed vehicle), unlawful bankruptcy court proceedings, or the family court proceedings leading to his arrest are subject to dismissal.  *Holtzclaw*, 2025 WL 892977 (dismissing civil action as duplicative and pursuant to 28 U.S.C. §§ 1915; 1915A where the plaintiff alleges violations

of his rights by individuals involved in prior Bankruptcy and Family Court matters); *Holtzclaw*, 2025 WL 896851 (dismissing civil action for failure to state a claim where plaintiff alleged violations of his rights by his incarceration and in various proceedings in the Bankruptcy and Family Courts); *Holtzclaw*, 2024 WL 4608025 (dismissing civil action for failure to state a claim where plaintiff alleged violations of his rights by his incarceration and in various proceedings in the Greer Municipal Court, the Bankruptcy Court, and the Greenville Family Court). Further, the plaintiff has also filed an action naming Judges of this court as defendants in an attempt to force reassignment of his cases and he has repeatedly shown disrespect and contempt for United States District Judges, United States Magistrate Judges, and United States Bankruptcy Judges in his pleadings. *See Holtzclaw*, 2025 WL 892977; *Holtzclaw*, 2025 WL 896851; *Holtzclaw*, 2024 WL 4608025; *see also Holtzclaw*, C/A No. 6:25-cv-01066-DCC-KFM, at docs. 1; 1-1 (alleging that Judge Burris refuses to "enforce her own orders," that Judge McDonald made a "mockery of state and federal law," and seeking to hold the court "accountable"). Moreover, the plaintiff was specifically warned that he may be sanctioned for his use of "inappropriate insinuations and unsubstantiated allegations" in bankruptcy court filings. *In re Holtzclaw*, C/A No. 20-03558-HB, at doc. 234 (Bankr. D.S.C. May 29, 2024). In light of the foregoing, the second *Cromer* factor also weighs in favor of entering prefiling restrictions.

The third factor, the extent of the burden on the court and parties, likewise weighs against the plaintiff. As previously noted, the plaintiff's duplicative, frivolous, and vexatious filings have resulted in a burden on the court in each of his twenty-one cases (including the instant matter). In the cases, the plaintiff has filed multiple motions (including for injunctive relief) as well as various letters and other filings. *See* Exhibit A, listing the plaintiff's current cases. As such, based on the tiresome continued filings by the plaintiff, the third factor also weighs in favor of instituting a prefiling injunction. With respect to the fourth *Cromer* factor, it appears that alternative sanctions will not be adequate to address

11

the vexatious filing practices of the plaintiff. As such, the fourth *Cromer* factor weighs in favor of entering prefiling restrictions.

Accordingly, in light of the *Cromer* factors, the undersigned recommends that the following prefiling restrictions be imposed on the plaintiff:

> 1. For the following cases pending in this Court, because they are duplicative of cases that have been previously dismissed and appear to be vexatious in nature, the plaintiff may not proceed *in forma pauperis* and will be provided twenty-one days in the following cases to pay the full filing fee to proceed with his cases or an order of dismissal will be entered:
>
>> *Holtzclaw v. Upstate Props., et al.*, C/A No. 6:25-cv-02906-DCC-KFM (D.S.C.) (pending)
>>
>> *Holtzclaw v. Upstate Props.*, C/A No. 6:25-cv-02615-DCC-KFM (D.S.C.) (pending)
>>
>> *Holtzclaw v. United States*, C/A No. 6:25-cv-01413-DCC-KFM (D.S.C.) (pending)
>>
>> *Holtzclaw v. John Doe 1 Spinx Employee, et al.*, C/A No. 6:25-cv-01294-DCC-KFM (D.S.C.) (pending)
>>
>> *Holtzclaw v. Judge Brown, et al.*, C/A No. 6:25-cv-01066-DCC-KFM (D.S.C.) (pending)
>>
>> *Holtzclaw v. Bodiford*, C/A No. 6:25-cv-1033-DCC-KFM (D.S.C.) (pending)
>>
>> *Holtzclaw v. Internal Revenue Serv.*, C/A No. 6:25-cv-03218-DCC-KFM (D.S.C.) (pending)
>>
>> *Holtzclaw v. Verizon*, C/A No. 6:25-cv-03217-DCC-KFM (D.S.C.) (pending)
>>
>> *Holtzclaw v. Earl*, C/A No. 6:25-cv-03302-DCC-KFM (D.S.C.) (pending)
>
> 2. For any non-habeas actions commenced by the plaintiff in this Court (after the filing of this report and recommendation), regarding his illegal incarceration, improper criminal charges in the Greer Municipal Court (for trespassing, driving with a suspended license, unlicensed vehicle), unlawful bankruptcy court proceedings, or the family court proceedings leading to his arrest, the plaintiff is required to submit the full filing fee to the Clerk of Court at the time of his initial filing. If a filing by the plaintiff is not accompanied by a full filing fee, the Clerk of Court is authorized to assign civil action numbers (for docket control purposes) and the assigned United States Magistrate Judge will

>forward the case to the assigned United States District Judge for an order of dismissal without prejudice and without issuance and service of process.
>
>3. These filing restrictions do not apply to any criminal case in which the plaintiff is named as a defendant.
>
>4. The plaintiff may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

This report and recommendation provides notice to the plaintiff of the recommendation that prefiling restrictions be entered and provides him an opportunity to be heard regarding the imposition of prefiling restrictions.

### **RECOMMENDATION**

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the complaint. Therefore, the undersigned recommends that the district court dismiss this action with prejudice, without leave to amend, and without issuance and service of process. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").

Should the United States District Judge assigned to this case adopt this recommendation, IT IS FURTHER RECOMMENDED that an order restricting the plaintiff's ability to file additional actions as well as his ability to proceed *in forma pauperis* in the cases listed above.

Based upon the foregoing, in accordance with the notice rule articulated in *Cromer*, **this Report and Recommendation is NOTICE to the plaintiff that the undersigned has recommended that prefiling restrictions be entered against him.**

**The plaintiff is directed that specific written objections to this recommendation must be filed within fourteen (14) days of the date of service of this Report and Recommendation.**

The plaintiff's attention is directed to the important notice on the last page.

IT IS SO RECOMMENDED.

s/Kevin F. McDonald<br>United States Magistrate Judge

April 21, 2025
Greenville, South Carolina

**EXHIBIT A**

*Holtzclaw v. Earl*, C/A No. 6:25-cv-03302-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Internal Revenue Serv.*, C/A No. 6:25-cv-03218-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Verizon*, C/A No. 6:25-cv-03217-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Internal Revenue Serv.*, C/A No. 6:25-cv-03218-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Verizon*, C/A No. 6:25-cv-03217-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Upstate Props., et al.*, C/A No. 6:25-cv-02906-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Upstate Props.*, C/A No. 6:25-cv-02615-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Med. Staff of Greenville Cnty. Det. Ctr., et al.*, C/A No. 6:25-cv-01414-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. United States*, C/A No. 6:25-cv-01413-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. John Doe 1 Spinx Employee, et al.*, C/A No. 6:25-cv-01294-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Judge Brown, et al.*, C/A No. 6:25-cv-01066-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Bodiford*, C/A No. 6:25-cv-1033-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Dr. Martin*, C/A No. 6:25-cv-00893-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Leonard, et al.*, C/A No. 6:25-cv-00849-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Horton, et al.*, C/A No. 6:25-cv-00802-DCC-KFM (D.S.C.) (pending

*Holtzclaw v. Dir. Greenville Cnty. Det. Ctr.*, C/A No. 6:25-cv-00723-DCC-KFM (D.S.C.) (pending)

*Holtzclaw v. Pittman, et al.*, C/A No. 6:25-cv-00025-DCC, 2025 WL 892977 (D.S.C. Mar. 24, 2025) (dismissing civil action as duplicative and pursuant to 28 U.S.C. §§ 1915; 1915A where the plaintiff alleges violations of his rights by individuals involved in prior Bankruptcy and Family Court matters)

*Holtzclaw v. Morgan, et al.*, C/A No. 6:24-cv-07562-DCC, 2025 WL 896851 (D.S.C. Mar. 24, 2025) (dismissing civil action for failure to state a claim where plaintiff alleged violations of his rights by his incarceration and in various proceedings in the Bankruptcy and Family Courts)

*Holtzclaw v. Warden Greenville Cnty. Det. Ctr.*, C/A No. 6:24-cv-07496-DCC-KFM (D.S.C. Mar. 24, 2025) (dismissing habeas action) (appeal pending)

*Holtzclaw v. City of Greer, et al.*, C/A No. 6:24-cv-04026-DCC, 2024 WL 4608025 (D.S.C. Oct. 29, 2024) (dismissing civil action for failure to state a claim where plaintiff alleged

violations of his rights by his incarceration and in various proceedings in the Greer Municipal Court, the Bankruptcy Court, and the Greenville Family Court)

*In re Holtzclaw*, C/A No. 20-03558-HB, at doc. 197 (Bankr. D.S.C. Dec. 1, 2022)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).