IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Weldon Eugene Holtzclaw, Jr., | ) | C/A No. 6:25-cv-01371-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

    This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On April 21, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed with prejudice, without leave to amend, and without issuance and service of process. ECF No. 14. The Magistrate Judge further recommended that prefiling restrictions be entered. *Id.* The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections and a letter.[1] ECF Nos. 16, 18.

---

[1] Out of an abundance of caution for a pro se party, the Court has considered both documents as objections to the Report.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. The Magistrate Judge recommends summary dismissal because Plaintiff cannot seek release from a detention center in this action, some of his claims are barred by res judicata, and his conditions of confinement claims are duplicative. ECF No. 14. The Magistrate Judge further recommends that prefiling restrictions be entered. Because Plaintiff filed objections, the Court's review has been de novo.

A significant portion of Plaintiff's objections relate to his assessment of Magistrate Judge McDonald as a jurist and suggest that any analysis of his cases is incomplete without ordering an investigation into his allegations. The Court is not an investigative body. *See Huff v. Hicks*, No. 1:23-CV-00341-KDB, 2024 WL 871356, at *3 (W.D.N.C. Feb. 29, 2024) ("[T]he Court does not investigate parties, witnesses, or claims. The Court adjudicates the cases properly before it."). Accordingly, these objections are overruled. Liberally construed, Plaintiff may also allege that Magistrate Judge McDonald improperly applied the relevant caselaw. ECF No. 16 at 4. Upon review, the Court disagrees and overrules this objection.

In the Report, the Magistrate Judge lists various substantially similar cases filed by Plaintiff. ECF No. 14 at 9–10. Plaintiff may be objecting to the inclusion of one of those cases (6:25-cv-02615-DCC-KFM) because he believes it is not substantially similar to his other cases. *See* ECF No. 16 at 5. A review of this action reveals that it is indeed another case rooted in his assertions his rights have been violated by various state court actors. *See, e.g.*, 6:25-cv-02615-DCC-KFM, ECF No. 1 at 4 ("My home was sold at public auction on 2/3/25 against my chapter 11 case . . . ."), 7 ("Judge Charles B. Simmons Jr. order[ed] that sale of my home against the chapter 11 orders . . . ."). Plaintiff also states that his cases "obviously have [i]ntertwining facts that appear to have duplicity." ECF No. 16-2 at 2. However, he states that he intends for each case to stand on its own.[2]

---

[2] Plaintiff specifically requests clarification with respect to C/A Nos. 6:25-cv-02906-DCC-KFM and 6:25-cv-01413-DCC-KFM. The Court has addressed the 6:25-cv-02906 case above. With respect to the 6:25-cv-01413 case, as noted by the Magistrate Judge,

3

To the extent that these objections are directed at the Magistrate Judge's recommendations with respect to the disposition of this case, they are overruled. As explained in more detail by the Magistrate Judge, release from a detention center is not an available remedy in a § 1983 action. *See Griffin v. Baltimore Police Dep't,* 804 F.3d 692, 694–95 (4th Cir. 2015). Further, Plaintiff's claims regarding his incarceration, criminal charges in the Greer Municipal Court (for trespassing, driving with a suspended license, unlicensed vehicle), bankruptcy court proceedings, and the family court proceedings leading to his arrest are barred by res judicata. *See Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004) (citing *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)) (holding that res judicata applies when there has been (1) a final judgment on the merits in a prior suit; (2) the identity of the cause of action in both suits; and (3) the same parties or their privies in the two suits). Finally, Plaintiff's conditions of confinement claims are duplicative of other claims brought by Plaintiff in various other cases. *See Nexsen Pruet, LLC v. Westport Ins. Corp.*, C/A No. 3:10-cv-00895- JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (internal quotation marks and citation omitted) (holding that, generally, a case pending in federal court "may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court"). Accordingly, Plaintiff's objections are overruled, and the Court agrees with the Magistrate Judge that this case is subject to

---

it also pertains to whether Plaintiff's rights have been violated due to his allegedly unlawful incarceration in violation of the bankruptcy and family court orders.

summary dismissal with prejudice, without leave to amend, and without issuance and service of process.

To the extent Plaintiff's objections should be construed as objecting to the Magistrate Judge's recommended prefiling restrictions, those objections are also overruled. Plaintiff may be contending that his cases are not so similar such that prefiling restrictions are appropriate; however, the undersigned finds that the *Cromer* factors have been met. *See Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (published) (holding that factors to be considered in deciding whether to enter a prefiling injunction include: (1) the party's history of litigation, particularly whether he has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions).

With respect to Plaintiff's history of litigation, as noted by the Magistrate Judge, he has filed multiple frivolous, vexatious, and duplicative lawsuits. Plaintiff has filed 21 cases in a matter of months, largely complaining of the same incidents. As to whether Plaintiff has a good faith basis for bringing these lawsuits, it appears to the undersigned that his cases have been filed with an intent to harass. Plaintiff has been informed on more than one occasion that his claims regarding his allegedly illegal incarceration, improper criminal charges in the Greer Municipal Court, unlawful bankruptcy proceedings, and the family court proceedings that led to his arrest are subject to summary dismissal. With respect to the extent of the burden on the court, Plaintiff's numerous filings have been

time-consuming for the undersigned and the Magistrate Judge. As noted in the Report, Plaintiff has a habit of filing numerous documents and motions in each case, which are labor-intensive to go through and attempt to resolve. Finally, as to the adequacy of alternative sanctions, the Court agrees with the Magistrate Judge that alternative sanctions are not likely to be adequate to address Plaintiff's vexatious filing practices. Therefore, upon review, the Court agrees with the Magistrate Judge that the *Cromer* factors weigh in favor of imposing prefiling restrictions. The Court finds that the Magistrate Judge's proposed prefiling restrictions are sufficiently narrowly tailored and that Plaintiff was provided an opportunity to be heard prior to the imposition of the prefiling restrictions.

## CONCLUSION

Based on the foregoing, the Court agrees with the recommendations of the Magistrate Judge. This action is **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process. The following prefiling restrictions are hereby imposed:

1. For the following cases pending in this Court, because they are duplicative of cases that have been previously dismissed and appear to be vexatious in nature, Plaintiff may not proceed in forma pauperis and will be provided twenty-one days in the following cases to pay the full filing fee to proceed with his cases or an order of dismissal will be entered:

    a. *Holtzclaw v. Upstate Props., et al.*, C/A No. 6:25-cv-02906-DCC-KFM (D.S.C.) (pending)

    b. *Holtzclaw v. Upstate Props.*, C/A No. 6:25-cv-02615-DCC-KFM (D.S.C.) (pending)

    c. *Holtzclaw v. United States*, C/A No. 6:25-cv-01413-DCC-KFM (D.S.C.) (pending)

    d. *Holtzclaw v. John Doe 1 Spinx Employee, et al.,* C/A No. 6:25-cv-01294-DCC-KFM (D.S.C.) (pending)

    e. *Holtzclaw v. Judge Brown, et al.,* C/A No. 6:25-cv-01066-DCC-KFM (D.S.C.) (pending)

    f. *Holtzclaw v. Bodiford*, C/A No. 6:25-cv-1033-DCC-KFM (D.S.C.) (pending)

    g. *Holtzclaw v. Internal Revenue Serv.*, C/A No. 6:25-cv-03218-DCC-KFM (D.S.C.) (pending)

    h. *Holtzclaw v. Verizon*, C/A No. 6:25-cv-03217-DCC-KFM (D.S.C.) (pending)

    i. *Holtzclaw v. Earl*, C/A No. 6:25-cv-03302-JDA-KFM (D.S.C.) (pending)

2. For any non-habeas actions commenced by Plaintiff in this Court (after the filing of this order), regarding his illegal incarceration, improper criminal charges in the Greer Municipal Court (for trespassing, driving with a suspended license, unlicensed vehicle), unlawful bankruptcy court proceedings, or the family court proceedings leading to his arrest, Plaintiff is required to submit the full filing fee to the Clerk of Court at the time of his initial filing. If a filing by Plaintiff is not accompanied by a full filing fee, the Clerk of Court is authorized to assign civil action numbers (for docket control purposes) and the assigned United States Magistrate Judge will forward the case to the assigned United States District Judge for an order of dismissal without prejudice and without issuance and service of process.

3. These filing restrictions do not apply to any criminal case in which Plaintiff is named as a defendant.

4. Plaintiff may file a motion to modify or rescind the order imposing these restrictions no earlier than two years from the date of its entry.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 18, 2025
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.